# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID HOLDER,   )   | |
|                 )   | |
| Plaintiff,      )   | |
|                 )   | |
| v.              )   | No. 3:12-CV-01085-WDS-PMF |
|                 )   | |
| THE ILLINOIS DEPARTMENT OF )   | |
| JUVENILE JUSTICE as operator of the  )   | |
| ILLINOIS YOUTH CENTER,    )   | |
| HARRISBURG,     )   | |
|                 )   | |
| Defendant.      )   | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a joint motion to dismiss filed by defendants Illinois Department of Juvenile Justice as operator of the Illinois Youth Center (the "Illinois Department of Juvenile Justice"), Rocky James, Robert Price and Kurt Sutton pursuant to Rule 12(b)(1) and 12(b)(6) (Doc. 28) and memorandum in support (Doc. 29). Plaintiff David Holder filed a memorandum in opposition to defendant's motion to dismiss (Doc. 30), to which defendant Illinois Department of Juvenile Justice did not file a reply.

After the motion to dismiss was filed, plaintiff filed a motion for leave to dismiss all causes of action against the individual defendants leaving the Illinois Department of Juvenile Justice as the only remaining defendant (Doc. 31). Upon review of the record, the Court **GRANTS** the motion to dismiss the individual defendant and they are dismissed as party defendants in this action, and **DISMISSES** all claims against the individual defendants.

**BACKGROUND**

The record revealed that plaintiff, who is African-American, was hired in July of 1998 by defendant to work as a "Juvenile Justice Specialist" at the Illinois Youth Center in Harrisburg, Illinois. Plaintiff alleges that from the time he was hired through his discharge in July 2010, he was treated less favorably than similarly situated white employees and that defendant, by and/or through its agents, officers, employees, servants and assigns, discriminated against plaintiff in multiple ways. Plaintiff asserts that he was passed over for promotions which were given to allegedly less-qualified white applicants, that he was subject to stricter punishments and scrutiny than his co-workers, and also that he was fired in retaliation for filing complaints regarding racial discrimination and harassment in 2002 and 2009.

**ANALYSIS**

Plaintiff's cause of action arises under 42 U.S.C. 2000e, *et seq*. ("Title VII"), and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331, as "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In light of plaintiff's voluntary dismissal of the individual plaintiffs, defendant's only remaining basis for dismissal is for plaintiff's failure to state a claim upon which relief may be granted under Rule 12(b)(6). The standard of review under a Rule 12(b)(6) motion to dismiss has the Court accept "as true the well-pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations." *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997) (citations omitted).

While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true, even if doubtful in fact. *Id*.

Defendant asserts that plaintiff's claim of racial discrimination should be dismissed because it is outside the scope of this EEOC Charge of Discrimination. Plaintiff maintains that his EEOC charge and his complaint arise from a common factual basis, and, therefore, his claim of racial discrimination is not outside the scope of his EEOC charge. In plaintiff's EEOC charge, plaintiff stated that the cause of discrimination was based on retaliation. In the body of the EEOC complaint, plaintiff notes that respondent said his discharge was related to plaintiff's violation of policy and procedures. Plaintiff maintained, however, that his discharge was without merit and followed his opposition "to discriminatory employment practices within such period of time as to raise the inference of retaliatory motivation" on the part of defendant.

Courts apply a liberal standard in determining whether a complaint is within the scope of an Equal Employment Opportunity Commission ("EEOC") charge in order to effectuate the remedial purposes of Title VII. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (citations omitted); *see also Miller v. Am. Airlines, Inc.*, 525 F.3d 1109, 1118 (7th Cir. 2008) (Noting that "[g]enerally, we apply a liberal standard in determining if new claims are reasonably related to those claims mentioned in the EEOC charge"). Claims of discrimination are cognizable when they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Rush*, 966 F.2d at 1111 (citations omitted); *see also Ajayi v. Aramark Bus. Servs., Inc.*, 335 F.3d 520, 527 (7th Cir. 2003) (holding that in order to determine whether the EEOC charge was sufficient to include the claims that the plaintiff raised

in his complaint, the Court must look to "what EEOC investigation could reasonably expected to grow from the original complaint"). Claims are reasonably related "if there is a factual relationship between them." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). This means that the EEOC charge and the complaint "must, at minimum, describe the same conduct and implicate the same individuals." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis removed).

Therefore, the issue before the Court is whether the claims of discrimination and disparate treatment raised in the complaint are reasonably related to his EEOC charge of retaliation. As a matter of law, "retaliation and discrimination are unrelated" and "an administrative charge of one generally cannot support a civil suit for the other." See, *Lamas v. Freeman Decorating Co.*, 37 F.Supp.2d 1105, 1106 (N.D. Ill. 1999) (citations omitted). The gist of a retaliation claim, typically, is that the employer terminated an employee for exercising a right, such as filing discrimination charges, not out of animosity for his or her race or national origin, but because the complaint was filed. *Id.* In this case, plaintiff, in his EEOC charge, indicates that he was subjected to discriminatory employment practices and that he opposed them. Plaintiff also notes that defendant claimed to terminate plaintiff because he violated certain policies and procedures. The EEOC charge and the complaint certainly describe the same parties, and there is an indication that the EEOC charge and complaint arise out of the same actions, although not spelt out explicitly.

Regardless of the fact that the plaintiff only wrote "retaliation" in the box, it is reasonable to find, that for purposes of a motion to dismiss, because plaintiff mentioned discriminatory employment practices within his EEOC complaint , defendants know that plaintiff may also base claims on discriminatory and disparate treatment. And, it is reasonable, therefore, that an EEOC

investigation into the retaliation charges would grow into an investigation into disparate treatment. *Mehringer v. Vill. of Bloomingdale*, No. 00 C 7095, 2002 WL 1888364, at *4 (N.D. Ill. August 14, 2002); *see also Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 169 (finding statement about being the "leader of the girls on the floor" in EEOC charge sufficient to allow sexual discrimination claims to fall within the scope of the charge even though the plaintiff had marked the "race box" on the charge because the EEOC investigation would have uncovered sexual discrimination).

Therefore, the Court **DENIES** the defendant's motion to dismiss.
.

**IT IS SO ORDERED.**

**DATED:  27 November, 2013**

                                                    **/s/ WILLIAM D. STIEHL**
                                                         **DISTRICT JUDGE**